**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

DERRICK W. MACON,                 )
                                  )
            Plaintiff,            )
                                  )
      v.                          )  Civil Action No. 11-2067 (EGS)
                                  )
UNITED STATES CAPITOL POLICE      )
BOARD,                            )
                                  )
            Defendant.            )
_____)

### MEMORANDUM OPINION

Plaintiff Derrick Macon, _pro se_, alleges that he suffered discrimination and retaliation in violation of the Congressional Accountability Act, 2 U.S.C. § 1301, _et seq._ ("CAA"). Pending before the Court is the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(1), or in the alternative, Federal Rule of Civil Procedure 12(b)(6). Upon consideration of the motion, the response and reply thereto, the applicable law, and the entire record, the motion will be **GRANTED in PART and DENIED in PART.**

### I.    Background

On March 19, 2012, Mr. Macon filed a Complaint in which he alleged that his employer, defendant United States Capitol Police Board, discriminated against him in violation of the CAA. Am. Compl., ECF No. 4. In Count I, Mr. Macon alleges that he was discriminated based on disability. _See id._ at 7. In Count II,

Mr. Macon alleges that he was subjected to a hostile work environment. *See id*. at 7-8. In Count III, Mr. Macon alleges that he was subjected to discrimination based on race. *See id*. at 8-9. In Count IV, Mr. Macon alleges that he was subjected to retaliation. *See id*. at 9-10. Mr. Macon alleges that he exhausted his administrative remedies by completing counseling and mediation with the Congressional Office of Compliance with regard to Office of Compliance Case No. 11-CP-50 and that on August 20, 2011, he received an End of Mediation Notice. *See id*. at 4-5. The original Complaint in this case was filed on November 21, 2011, and attached to the Complaint was the End of Mediation Notice for Case No. 11-CP-50. *See* Compl., ECF No. 1 at 5. This Notice does not contain information about the allegations that were the subject of the counseling and mediation in that case. *See id.*

Mr. Macon is also a *pro se* plaintiff in three other cases before this Court -- *Blackmon-Malloy, et al., v. United States Capitol Police Bd*., Civil Action No. 01-2221[1]; *Macon v. United States Capitol Police Bd.*, Civil Action No. 08-003; and *Macon v. United States Capitol Police Bd.*, Civil Action No. 09-cv-592. On May 18, 2010, the Court declined to consolidate the instant case

---

[1] Mr. Macon is also the plaintiff in *Macon v. Capitol Police Bd*., Civil Action No 03-1592.  That case has been consolidated with *Blackmon-Malloy v. Capitol Police Bd*., Civil Action No. 01-2221.

with the other cases listed above, but did order that all cases follow the same schedule to address the threshold subject matter jurisdiction issue in accordance with the decision of the Court of Appeals of the District of Columbia Circuit in *Blackmon-Malloy v. U.S. Capitol Police Bd.*, 575 F.3d 699, (D.C. Cir. 2009). Thereafter, in light of Mr. Macon's earlier notification to the Court that he did not oppose limited consolidation of the instant case with Civil Action No. 01-2221 "to address the threshold question of meeting the jurisdictional requirements as set forth in" the Court of Appeals decision, the Court informed the parties that it would defer ruling on the defendant's motion to dismiss in the instant case pending the Court's resolution of the motion to dismiss in Civil Action No. 01-2221. *See* Civil Action No. 09-592, Minute Order, Jan. 6, 2011. The parties later notified the Court that they consented to the Court proceeding to consider the defendant's motion to dismiss. *See* Civil Action No. 11-2067, Minute Order, May 15, 2015. As the Court had ruled on the motion to dismiss in Civil Action No. 01-2221, the Court considered the motion to dismiss in this case and determined that it should be held in abeyance pending Mr. Macon's response to the Court's Order to Show Cause. Mem. Op., ECF No. 16.

The Court observed that Mr. Macon had failed to provide documentation to support his assertions that he went through the counseling and mediation process regarding the claims alleged in

the Amended Complaint. Specifically, the documentation attached to Mr. Macon's original Complaint and his opposition to the defendant's motion to dismiss does not contain information regarding the allegations made in Office of Compliance Case No. 11-CP-50. As the Court is to construe a *pro se* complaint liberally, it issued an Order to show cause why the Amended Complaint should not be dismissed with prejudice for failure to demonstrate -- through relevant Office of Compliance documents similar to those Mr. Macon has provided in other cases before this Court -- that his claims in his Amended Complaint were actually presented in counseling and mediation. Mr. Macon timely responded to the Order to show cause and the defendant timely replied.

## II. Legal Standards – Federal Rule of Civil Procedure 12(b)(1)

### A. Motion to Dismiss for Lack of Subject-Matter Jurisdiction.

A federal district court may only hear a claim over which it has subject matter jurisdiction; therefore, a Rule 12(b)(1) motion for dismissal is a threshold challenge to a court's jurisdiction. Fed.R.Civ.P. 12(b)(1). On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In evaluating the motion, the Court must accept all of the factual allegations

in the complaint as true and give the plaintiff the benefit of all inferences that can be drawn from the facts alleged. *See Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005). However, the Court is "not required . . . to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." *Cartwright Int'l Van Lines, Inc. v. Doan*, 525 F. Supp. 2d 187, 193 (D.D.C. 2007) (quotation marks omitted). Finally, a "pro se complaint is entitled to liberal construction." *Washington v. Geren,* 675 F.Supp.2d 26, 31 (D.D.C.2009) (citing *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

### B. Administrative Exhaustion under the Congressional Accountability Act.

The Congressional Accountability Act of 1995, 2 U.S.C. § 1301, *et seq.*, "extend[s] the protections of Title VII of the Civil Rights Act of 1964, as well as ten other remedial federal statutes, to employees of the legislative branch." *Blackmon-Malloy III*, 575 F.3d at 701. Subchapter IV of the Act (Sections 1401–1416) governs the procedures for the administrative processing of any disputes under the Act. As relevant here, it sets forth "a three-step process that requires counseling and mediation before an employee may file a complaint seeking administrative or judicial relief." *Id.* The employee must first engage in counseling regarding his particular complaint. Then,

he must proceed to mediation. Upon completion of mediation, he may elect to file suit in federal court.

In determining whether the employee "has completed counseling and mediation," 2 U.S.C. § 1408(a), as required to file a lawsuit, the Court is not empowered to examine what actually transpired in any counseling or mediation session or to determine the effectiveness of those sessions. *Blackmon-Malloy*, 575 F.3d at 711–12. Rather, "the reference in section 1408(a) to 'completed counseling . . . and mediation' means no more than that[: (1)] the employee timely requested counseling and mediation, [(2)] that the employee did not thwart mediation by failing to give notice of his or her claim upon request, [(3)] that the mandated time periods have expired, and [(4)] that the employee received end of counseling and mediation notices from the Office." *Id.* at 713.

### 1. The Counseling Requirement

The first step an employee must take is "counseling as provided in section 1402." 2 U.S.C. § 1401(1). "'[T]o commence a proceeding,' the employee must request counseling within 180 days of the date of the alleged violation of a law made applicable by the [Congressional Accountability Act]." *Blackmon-Malloy III*, 575 F.3d at 702 (quoting 2 U.S.C. § 1402(a)). "As regards counseling, '[t]he Office shall provide the employee with all relevant information with respect to the rights of the

employee.'" *Id.* (quoting 2 U.S.C. § 1402(a)). "The
[Congressional Accountability Act] further provides that '[t]he
period for counseling shall be 30 days unless the employee and
the Office agree to reduce the period.'" *Id.* (quoting 2 U.S.C. §
1402(b)). The Court of Appeals for the District of Columbia
Circuit has held that the counseling requirement does not
encompass a requirement that the complaining employee be
physically present for counseling, "[g]iven the limited purpose
of counseling to provide the employee with information about his
or her rights and the limited benefit that would inure to the
employee or the Office from performing this function in person."
*Id.* at 708. Finally, "[t]he Office must 'notify the employee in
writing when the counseling period has ended.'" *Id.* (quoting 2
U.S.C. § 1402(c)).

   *2.   The Mediation Requirement*

   The second step that an employee must take is "mediation as
provided in section 1403." 2 U.S.C. § 1401(2). "'[N]ot later
than 15 days after receipt . . . of notice of the end of the
counseling period . . . but prior to and as a condition of
making an election under section 1404," the employee must "file
a request for mediation with the Office.'" *Blackmon-Malloy III*,
575 F.3d at 702 (quoting 2 U.S.C. § 1403(a)). "Mediation 'may
include the Office, the covered employee, the employing office,
and one or more individuals appointed by the Executive Director'

of the Office, but 'shall involve meetings with the parties separately or jointly for the purpose of resolving the dispute between the covered employee and the employing office.'" *Id.* (quoting 2 U.S.C. § 1403(b)(1), (2)). "The mediation period 'shall be 30 days,' which may be extended upon joint request of the parties, and (as with counseling) the Office must 'notify in writing the covered employee and the employing office when the mediation period has ended.'" *Id.* (quoting 2 U.S.C. § 1403(c)). Just as for counseling, mediation need not involve the complaining individual's physical presence. *See id.* at 710.

### 3. Election

The third and final step is "election, as provided in section 1404 . . . of either . . . a formal complaint and hearing . . . subject to Board review . . . and judicial review in the United States Court of Appeals for the Federal Circuit . . . or . . . a civil action in a district court of the United States as provided in section 1408." 2 U.S.C. § 1401(3); *see also Blackmon-Malloy III*, 575 F.3d at 702. If the civil-action route is chosen, the three-step procedure constitutes a jurisdictional requirement. The Congressional Accountability Act declares that "[t]he district courts of the United States shall have jurisdiction over any civil action commenced under section 1404 . . . by a covered employee who has completed counseling under section 1402 . . . and mediation under section 1403 . . . . . A

civil action may be commenced by a covered employee only to seek redress for a violation for which the employee has completed counseling and mediation." 2 U.S.C. § 1408(a). This language, combined with its location in a section entitled "jurisdiction," led the Court of Appeals for the District of Columbia Circuit to hold that "it is apparent from the plain terms of the text that Congress intended counseling and mediation to be jurisdictional requirements." *Blackmon-Malloy*, 575 F.3d at 705. Accordingly, district courts are "not empowered to apply the equitable doctrine of vicarious exhaustion to excuse compliance." *Id.* at 706.

### III. Analysis

The defendant moves to dismiss the Amended Complaint pursuant to Rule 12(b)(1) on two grounds: (1) the original Complaint was not timely filed; and (2) Mr. Macon has not demonstrated that that he timely exhausted his administrative remedies for each of his claims. *See* Def.'s Mot. to Dismiss, ECF No. 6 at 10-13. The defendant notes that Mr. Macon alleged that he received the end of mediation notice on August 20, 2011. *See id*. at 14. Thus, according to the defendant, Mr. Macon was required to file his Complaint in this court within 90 days, or by no later than November 18, 2011. *See id*. Because Mr. Macon filed his Complaint on November 21, 2011, he was three days late and thus, according to the defendant, the Court lacks

jurisdiction over his claims. *See id.* The defendant also argues
that the Amended Complaint should be dismissed because Mr. Macon
"has not plead any facts to establish the date of the alleged
violation, what occurred, and how he may have been adversely
affected." *Id.* at 15.

With regard to the first issue, Mr. Macon responds that he
received his end of mediation notice on August 23, 2011, and
attached to his memorandum a certification from the Office of
Compliance stating that "Acknowledgment of receipt of
Notification of End of Mediation Period by the complainant was
made on August 23, 2011." Pl.'s Opp'n, ECF No. 8 at 3, 18. Mr.
Macon also attached a "Certificate of Official Record" from the
custodian of records from the Office of Compliance, who is
responsible "for maintaining the official records of the Office
regarding the dates on which events under Sections 401 through
404(1), and 405 of the Congressional Accountability Act
occurred" including "the dates on which the employee received
notification of the end of such counseling and mediation." *Id*.
at 17.

The defendant acknowledges that were the Court to accept
the August 23, 2011 date as the date on which Mr. Macon received
the notice, then Mr. Macon's Complaint would be timely. See
Def.'s Reply (hereinafter "ECF No. 9"), ECF No. 9 at 3. The
defendant notes, however, that Mr. Macon has presented the Court

with two contradictory dates and thus has not carried his "'burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence.'" ECF No. 9, citing *Thompson v. Capitol Police Bd.*, 120 F. Supp. 2d 78, 81 (D.D.C. 2000).

As set forth *supra*, it is Mr. Macon's responsibility to set forth some evidence that a particular claim was actually presented in counseling and mediation and that he exhausted his administrative remedies and timely filed his Complaint in this Court. With regard to whether Mr. Macon's Complaint was timely filed, Mr. Macon has satisfied his responsibility by providing the relevant Certificate of Official Record, which establishes that he received his Notification of End of Mediation Period on August 23, 2011. Accordingly, as defendant concedes, his Complaint was timely filed.

Mr. Macon provided four documents in response to the show cause order: (1) his Formal Request for Counseling dated April 19, 2011 referencing two attached letters; (2) Letter dated April 19, 2011 officially requesting counseling ("Counseling Request") alleging a hostile work environment from November 5, 2010 through April 19, 2011; (3) Letter dated April 19, 2011 filing a complaint ("Office of Compliance Complaint") alleging a hostile work environment from December 25, 2010 through April 19, 2011; and (4) Office of Compliance Certificate of Official

Record for Case No. 11-cp-50 (CV, DA, RP) dated November 29, 2011. Pl.'s Reply to Court Order to Show Cause, ECF No. 17. The first three documents are stamped as having been received by the Office of Compliance on April 19, 2011. The fourth document references an attachment, but the attachment was not provided in response to the Show Cause Order. The Court notes, however, that Mr. Macon provided the attachment as Exhibit A to his opposition to the defendant's motion to dismiss. ECF No. 8 at 18. This document provides an Office of Compliance Certification as follows: for Case No. 11-CP-50, (1) the request for counseling was made on April 19, 2011; (2) Mr. Macon acknowledged receipt of notification of end of counseling period on May 28, 2011; (3) Mr. Macon requested mediation on May 31, 2011; and (4) Mr. Macon acknowledged receipt of notification of end of mediation period on August 23, 2011.

The defendant disputes that Mr. Macon has met his burden of persuasion to establish that the Court has subject matter jurisdiction over his claims because, according to the defendant, these documents do not substantiate his allegations that he complied with the mandatory counseling and mediation processes regarding the claims in his Amended Complaint. Def.'s Opp'n to Pl.'s Reply to an Order to Show Cause, ECF No. 18.

Again, Mr. Macon's responsibility is to set forth some evidence demonstrating that a particular claim was actually

presented in counseling and mediation and that he exhausted his administrative remedies. Mr. Mason has demonstrated that the two letters dated April 19, 2011, and received by the Office of Compliance on that date describe the claims for which he sought counseling on April 19, 2011. Further, it is reasonable for the Court to understand the Office of Compliance Certification for Case No. 11-CP-50 to refer to the claims described in these letters because date upon which counseling was sought is the same date that these letters were received by the Office of Compliance. Finally, Mr. Macon sought counseling within 180 days of the alleged creation and continuation of the hostile work environment.

The next question is whether the claims Mr. Macon asserts in this civil action were raised in the documentation submitted to the Office of Compliance. In Count I of the Amended Complaint, Mr. Macon alleges that he was discriminated against based on disability. In his Office of Compliance Complaint, Mr. Macon alleges that an employee of the defendant retaliated against him by unreasonably delaying his return to duty after the completion of treatment by his health care provider. ECF No. 17 at 9. In Count II, Mr. Macon alleges that he was subjected to a hostile work environment. In both his Counseling Request and his Office of Compliance Complaint, Mr. Macon states that an employee of the defendant "created and continues to create a

'severe and pervasive' hostile work environment." ECF No. 17 at 7, 9, 10. In Count III, Mr. Macon alleges that he was subjected to discrimination based on race. *See id*. at 8-9. In his Counseling Request, Mr. Macon states that defendant has created a racially discriminatory and hostile environment. ECF No. 17 at 12-13. In Count IV, Mr. Macon alleges that he was subjected to retaliation. In his Office of Compliance Complaint, Mr. Macon alleges retaliation. ECF No. 17 at 9. Mr. Macon has therefore demonstrated that he administratively exhausted these claims. The Court will therefore **DENY** defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). As the Court has determined that it has subject matter jurisdiction, it next considers the defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV. **Legal Standard – Federal Rule of Civil Procedure 12(b)(6)**

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C.Cir.2002). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility requires that "the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Detailed factual allegations are not required, but the plaintiff is required to provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *id.*, and must plead enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679.

When ruling on a Rule 12(b)(6) motion, the court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F.Supp.2d 191, 196 (D.D.C.2002). The court "must accept as true all of the factual allegations contained in the complaint," *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C.Cir.2009)(quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and must construe the complaint liberally in the plaintiff's favor, granting the plaintiff the

benefit of all reasonable inferences deriving from the complaint. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir.1994). However, the court need not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Id.* Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Only a claim that "states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) (internal quotation marks and citation omitted), it too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,' " *Atherton v. District of Columbia Office of the Mayor,* 567 F.3d 672, 681–82 (D.C.Cir.2009) (quoting *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937).

Under the standard set forth in *Iqbal*, to survive a motion to dismiss, Mr. Macon's complaint needs to "contain[] sufficient factual matter" from which the Court can "draw the reasonable inference" that the defendant discriminated against him and thus violated the CAA. *Iqbal*, 556 U.S. at 678.

## V.    Analysis

### A. Discrimination Based on Disability

In Count I, Mr. Macon alleges that he was discriminated against based on disability when the defendant denied his "reasonable accommodation [by] refusing to assist him to return to work by violating established procedures." Am. Compl., ECF No 4 ¶ 36. The facts alleged in support of this claim are as follows:

> Plaintiff insisted that he was entitled to be restored to regular duty in light of the fact that he was no longer injured and has reached maximum medical improvement. His physician documented that Plaintiff has cleared his treatment and was fit for duty . . . [but that] [d]efendant has refused to restore Plaintiff to regular duty because he filed a complaint of discrimination.

Id. ¶¶ 31, 33.

The CAA prohibits discrimination based on "disability, within the meaning of section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791) and sections 102 through 104 of the Americans with Disabilities Act of 1990 (42 U.S.C. 12112 to 12114)." 2 USC § 1311(a)(3). The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability" may be discriminated against by a federal agency "solely by reason of her or his disability." 29 U.S.C. § 794(a).[2] The two essential

---

[2] The Act "expressly incorporates the standards of the [Americans with Disabilities Act] for claims of employment discrimination."

elements of a discrimination claim under the Act are that (i)
the plaintiff suffered an adverse employment action (ii) because
of her disability. *Baloch v. Kempthorne*, 550 F.3d 1191, 1196
(D.C. Cir.2008).[3] Thus, a plaintiff must allege that he has a
disability to state a claim for discrimination based on
disability. Here, Mr. Macon has not alleged that he has a
disability. Rather, he alleges that he was injured and his
physician determined that he was fit to return to duty, but the
defendant refused to do so. Am. Compl., ECF No. 4 ¶ 31. Because
Mr. Macon has failed to allege one of the essential elements of
a disability discrimination claim, the Court will **GRANT** the
defendant's motion as to Count I of the Amended Complaint.

### B. Hostile Work Environment

In Count II, Mr. Macon alleges that he was subjected to a
hostile work environment based on his race in an effort to force
him to retire when the defendant "(1) place[d] him in fear of
being furloughed; (2) placed him on extensive administrative

---

Rosier v. Holder, 833 F.Supp.2d 1, n.1 (D.D.C.2011)(internal
citations omitted).

[3] Generally, to establish a *prima facie* case of discrimination, a
plaintiff must demonstrate that: "(1) [he] is a member of a
protected class; (2) [he] has suffered an adverse employment
action; and (3) the unfavorable action gives rise to an
inference of discrimination." *Czekalski v. Peters,* 475 F.3d 360,
364 (D.C.Cir.2007)(quoting *George v. Leavitt,* 407 F.3d 405, 412
(D.C.Cir.2005)). "At the motion to dismiss stage, however, a
plaintiff need not prove a prima facie case." *Munro v. LaHood*,
839 F.Supp.2d 354, 360 (D.D.C.2012)(citations omitted).

leave; and (3) refused to restore him to regular duty despite finding that he reached maximum medical improvement." *Id.* ¶¶ 27, 40. In Count IV, entitled "Retaliation (Discrete and Hostile Environment)," Mr. Macon alleges that he was "mistreated, humiliated, intimated and disrespected by [d]efendant, Frederick Herrera and other employees on an almost daily basis," *id.* ¶ 56; that this treatment interfered with his work performance, *id.* ¶ 58; that "[d]efendant's refusal to return [him] to full-duty significantly altered the condition of employment," *id.* ¶ 61; that defendant's denying Mr. Macon the opportunity to work overtime was a materially adverse action, *id.;* and that these actions constitute both discrete acts and a "hostile work environment based on retaliatory harassment." *Id.* ¶ 62.

As factual support for these claims, Mr. Macon alleges that although his physician documented that he was fit for duty in December 2010, the defendant refused to restore him to regular duty and considered him "non-essential" in retaliation for having filed an administrative complaint. *Id.* ¶¶ 31, 33. The complaint alleges that Mr. Macon had not been restored to active duty as of May 2011. *Id.* ¶ 32.

As set forth by the Court of Appeals for the District of Columbia Circuit:

> To prevail on a hostile work environment claim, a plaintiff must first show that he or she was subjected to "discriminatory

> intimidation, ridicule, and insult" that is
> "sufficiently severe or pervasive to alter the
> conditions of the victim's employment and
> create an abusive working environment." *Harris
> v. Forklift Systems, Inc.,* 510 U.S. 17, 21,
> 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (quoting
> *Meritor Savings Bank, FSB v. Vinson,* 477 U.S.
> 57, 65, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49
> (1986)).
>
> In evaluating a hostile work environment
> claim, the court "looks to the totality of the
> circumstances, including the frequency of the
> discriminatory conduct, its severity, its
> offensiveness, and whether it interferes with
> an employee's work performance." *Baloch v.
> Kempthorne,* 550 F.3d 1191, 1201 (D.C.Cir.2008)
> (citing *Faragher v. City of Boca Raton,* 524
> U.S. 775, 787–88, 118 S.Ct. 2275, 141 L.Ed.2d
> 662 (1998)).

*Ayissi-Etoh v. Fannie Mae*, 712 F.3d 572, 577 (D.C.Cir.2013).

Depending upon the circumstances, a single incident can be

sufficient to establish a hostile work environment. *Id.*(noting

that the employer was alleged to have "used a deeply offensive

racial epithet when yelling at [the plaintiff] to get out of his

office.")

The defendant disputes that Mr. Macon's factual assertions

constitute conduct that was severe or pervasive enough to create

a hostile work environment, nor that he has proffered any

information establishing that the defendant's actions interfered

with his work performance. Def.'s Mot. to Dismiss, ECF No. 6 at

23.

Here, although Mr. Macon alleges that he was "mistreated, humiliated, intimated and disrespected by [d]efendant, Frederick Herrera and other employees on an almost daily basis," Am. Compl., ECF No. 4 ¶ 56, his sole specific fact supporting his hostile work environment claim is that the defendant refused to restore him to regular duty. This single incident is clearly not comparable to the severity of the sole incident referenced above. Construed in the light most favorable to the *pro se* plaintiff and making all inferences in his favor, Mr. Macon's complaint fails to "contain[] sufficient factual matter" from which the Court can "draw the reasonable inference" that the defendant created a hostile work environment in violation of the CAA. *Iqbal*, 556 U.S. at 678. Accordingly, the Court will **GRANT** the defendant's motion as to Count II of the Amended Complaint.

### C. Discrimination Based on Race

In Count III, Mr. Macon alleges that he was discriminated against based on race when Mr. Frederick Herrera, Senior Employment Counsel, "ordered the delay of the legal assistance requested to return plaintiff to full duty." Am. Compl., ECF No. 4 ¶¶ 45, 46.

To bring an actionable discrimination claim, Mr. Macon must establish that "(1) [he] is a member of a protected class, (2) [he] suffered an adverse employment action, and (3) the unfavorable action gives rise to an inference of

discrimination." *Edwards v. Gray*, 7 F.Supp.3d 111, 115 (D.D.C.
2013)(quoting *Stella v. Mineta,* 284 F.3d 135, 145 (D.C.Cir.2002)
(quotation marks omitted). "Although it is well established that
'an employment discrimination plaintiff is not required to plead
every fact necessary to establish a prima facie case to survive
a motion to dismiss,' *Rodriguez v. Donovan,* 922 F.Supp.2d 11, 17
(D.D.C.2013) (quoting *Jones v. Air Line Pilots Ass'n,* 642 F.3d
1100, 1104 (D.C.Cir.2011), a plaintiff must nevertheless 'plead
sufficient facts to show a plausible entitlement to relief.'"
*Edwards,* 7 F.Supp.3d at 115.

The defendant disputes that Mr. Macon has stated a claim
for discrimination based on race because he has not alleged
sufficient facts to support his allegation of having suffered an
actionable adverse employment action.  Def.'s Mot. to Dismiss,
ECF No. 6 at 15-16.

An adverse employment action is "a significant change in
employment status, such as hiring, firing, failing to promote,
reassignment with significantly different responsibilities, or a
decision causing significant change in benefits." *Taylor v.
Small*, 350 F.3d 1286, 1293 (D.C.Cir.2003)(quoting *Burlington
Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998)(pinpoint cite
omitted in original). Construed in the light most favorable to
the *pro se* plaintiff and making all inferences in his favor, Mr.
Macon has adequately alleged an actionable adverse employment

22

action:  he has alleged that he was not returned to full duty although he was medically capable of doing so. Am. Compl., ECF No. 4 ¶ 31, 45-46. Although Mr. Macon has not alleged facts describing the ramifications of not being returned to full duty, it is reasonable for the Court to infer that an employer's refusal to return an employee to full duty could constitute a significant change in employment status. Accordingly, the Court will **DENY** the defendant's motion as to Count III of the Amended Complaint.

### D. Retaliation

In Count IV, Mr. Macon alleges that he was retaliated against because the defendant knew that he had filed a complaint and that the defendant "refused to restore [him] to his regular duties and – [ ] instead kept him in fear of losing his job – in retaliation for engaging in his protected conduct." Am. Compl. ¶¶ 53-54.

"To prove retaliation, the plaintiff generally must establish that he or she suffered (i) materially adverse action (ii) because he or she had brought or threatened to bring a discrimination claim." *Baloch v. Kempthorne,* 550 F.3d 1191, 1198 (D.C.Cir.2008). To survive a motion to dismiss a retaliation claim, "all [the] complaint has to say" is "the Department retaliated against me because I engaged in protected activity." *Rochon v. Gonzalez*, 438 F.3d 1211, 1220 (D.C.Cir.2006)(internal

citations omitted); *Munro v. LaHood*, 839 F.Supp.2d. 354, 364 (D.D.C.2012).

Defendant disputes that that Mr. Macon has stated a claim for retaliation because: (1) he has not demonstrated that there was a material disadvantage to his employment; and (2) he has not alleged a causal connection between his participation in the complaints filed in this Court in 2001, 2008, and 2009, and the defendant's alleged failure to return him to his regular duties. Def.'s Mot. to Dismiss, ECF No. 6 at 16-18.

However, to survive a motion to dismiss a retaliation claim, "all [the] complaint has to say" is "the [defendant] retaliated against me because I engaged in protected activity." *Rochon*, 438 F.3d at 1220. Mr. Macon has sufficiently alleged a claim because he has alleged that he was retaliated against by not being returned to active because he engaged in protected activity. Accordingly, the Court will **DENY** the defendant's motion as to Count IV of the Amended Complaint.

## VI. Conclusion

Upon consideration of the motion, the response and reply thereto, the applicable law, and the entire record, the Motion is **GRANTED in PART and DENIED in PART**. Mr. Macon may proceed on Counts III and IV of the Amended Complaint. Counts I and II will be dismissed. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:     Emmet G. Sullivan**
**            United States District Judge**
**            June 29, 2017**


Notice to:     12401 Weldon Manor Lane
               Upper Marlboro, MD 20772